IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY<br>*Plaintiff,*<br>v.<br><br>VSCL CORP. d/b/a CANALES FURNITURE<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |

## **NATIONWIDE GENERAL INSURANCE COMPANY'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Plaintiff Nationwide General Insurance Company ("Nationwide" and/or "Plaintiff") and petitions this Court to set aside the February 10, 2021 appraisal award issued by umpire Tucker Patch and for a declaratory judgment regarding the scope of coverage under the insurance policy issued to Defendant VSCL Corp d/b/a Canales Furniture ("VSCL" and/or "Defendant"). In support of same, Nationwide would respectfully represent and show unto this Court the following:

## I.
## PARTIES

1. Plaintiff Nationwide General Insurance Company is an insurance company incorporated under the laws of the State of Iowa and with its principal place of business in Des Moines, Iowa.

2. Defendant VSCL Corp d/b/a Canales Furniture owns a commercial property located at 2202 E. Randol Mill Road, Arlington, Texas 76011. VSCL is subject to the jurisdiction of this Court and can be served via its registered agent Mark K. Vasquez Law Firm, PLLC 10501 N. Central Expressway, Suite 250, Dallas, Texas 75231.

## II.
## JURISDICTION

3.  Jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because this request to set aside an appraisal award arises out of an actual dispute or controversy in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and further, there is complete diversity of citizenship between Nationwide and VSCL. In particular, umpire Tucker Patch ("Patch" and/or "the Umpire") has issued an appraisal award with a total replacement cost value (RCV) of $414,349.00 and an actual cash value (ACV) of $271,090.41, the legitimacy and scope of which is denied by Nationwide.

## III.
## VENUE

4.  Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant VSCL maintains its principle place of business in this District.

## IV.
## FACTUAL BACKGROUND

5.  Nationwide issued policy Number ACP CPPD 3018301025, effective June 1, 2018 to June 1, 2019, with "VSCL Corp – DBA Canales Furniture" listed as a named insured ("the Policy"). A certified copy of the policy is attached hereto as Exhibit "A".

6.  On or about March 12, 2019, a storm passed through the area which included VSCL's property at 2202 E. Randol Mill Road, Arlington, Texas 76011 ("the Property").

7.  As a result of the alleged damage to the Property, VSCL submitted a claim to Nationwide ("the Claim").

8.  During the evaluation of the Claim, representatives from Nationwide inspected the Property, including an inspection of the Property by a professional engineering firm. As a result of the inspections of the Property, Nationwide determined that although the Property had sustained

some hail damage, the portions of the roof and interior areas of the Property which had sustained water damage due to roof leaks had been damaged due to deterioration, wear and tear, and rust. Nationwide further determined that Property had not sustained any hail damage to the ballasted portions of the roof.

9. Nationwide further determined that portions of the roof of the Property had been spot-repaired and were unballasted, leaving the roof membrane partially uncovered, and the flashing seam had separated as a result of improper adhesion. Nationwide determined that these separations were not caused by wind or hail but rather the result of improper maintenance and workmanship and, in the case of the reduction of the granular surface coating, of natural wear and tear.

10. Nationwide further determined that the roof of the Property had multiple defects which could allow moisture intrusion, and these defects – including openings near the HVAC evaporators and partially displaced parapet termination bars and loose fasteners – allowed moisture to penetrate the roof and result in rust and other deterioration which was not the result of a wind or hail event.

11. Nationwide advised VSCL of the results of its investigation, including that a portion of VSCL's claim was covered (the portion encompassing wind and hail damage) but the remainder of the claim was not covered.

12. On March 13, 2020, VSCL, through its public adjuster D.A. Lamont, invoked the appraisal clause under the terms of the policy and designated Brian Haden ("Haden") from Haden Claims Services as its appraiser.

13. On March 20, 2020, Nationwide sent a written acknowledgment of VSCL's demand for appraisal and designated Brett Lochridge ("Lochridge") of Unified Building Sciences as its appraiser.

14. Patch and Lochridge were not able to agree on the scope or value of the damage to the

NATIONWIDE'S ORIGINAL COMPLAINT                                                                 3

Property and agreed on Tucker Patch to serve as the umpire for the appraisal.

15. On February 10, 2021, Patch issued an appraisal award with a total replacement cost value (RCV) of $414,349.00 and an actual cash value (ACV) of $271,090.41. Exhibit "B" ("the Award").

16. Notably, the Award specifically indicates that it "should not be interpreted or used as an award or opinion regarding coverage under the policy." *Id.* However, the award did not account for a number of provisions in the Policy. Specifically, the Policy provides the following language regarding the scope of coverage provided for the Property.

A. Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

..........

A. Covered Causes of Loss
When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

B. Exclusions

2. We will not pay for loss or damage caused by or resulting from any of the following:

   d. (1) Wear and tear;
      (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

      (4) Settling, cracking, shrinking or expansion;

3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a through 3.c results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

   c. Faulty, inadequate or defective:

      (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

>  (3)  Materials used in repair, construction, renovation or remodeling; or
>
>  (4)  Maintenance of part or all of any property on or off the described premises.

Exhibit "A"

17.  Nationwide would show that the Award was based on an estimate which included the cost of repairs for damage which was not caused by wind or hail and which was caused by wear and tear, deterioration, and rust to the Property.

## V.
## REQUEST TO SET ASIDE APPRAISAL AWARD

18.  Nationwide incorporates by reference, as it set forth herein in full, the factual allegations set forth in Paragraphs 1 through 17 above.

19.  Nationwide would show that Texas law provides three scenarios in which an appraisal award may be disregarded: 1) when an award is made without authority; 2) when the award is a result of fraud, accident, or mistake; and 3) when the award is not made in substantial compliance with the terms of the contract. *Providence Lloyds v. Crystal City Indep. School Dist.*, 877 S.W. 872, 875 (Tex. App. – San Antonio 1994, no writ). Federal courts have held that when an appraisal award includes statements or expressions of damage causation, the award is made without authority because it is outside of the appraisal process. *See Holt v. State Farm Lloyds*, 1999 WL 261923 (N.D. Tex. 1999). Even in situations in which appraisers must consider specific causes of loss in the formulation of their appraisals, the Texas Supreme Court has held that causation issues may be decided post-appraisal by trial courts, including ultimately disregarding certain portions of an award which go beyond the scope of what is covered under the policy. *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886 (Tex. 2009).

20. Nationwide would show that the Award in this case should be set aside because it was issued by Patch without authority as required by Texas law. Specifically, the award includes figures for damages which were not covered under the terms of the Policy.

21. Nationwide seeks to set aside the entire Award issued by Patch and, in the alternative, requests that the Court restrict the Award to damages for which the Policy provides coverage.

## VI.
## REQUEST FOR DECLARATORY JUDGMENT ACTION

22. Nationwide incorporates by reference, as it set forth herein in full, the factual allegations set forth in Paragraphs 1 through 21 above.

23. An actual and substantial controversy exists between Nationwide and VSCL, who have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

24. As set forth above, a question of coverage under the Policy exists with respect to the damages that VSCL has demanded to be paid pursuant to the Policy.

25. To the extent that the Award referenced above is enforceable, Nationwide has no obligation under the Policy to provide coverage for the portions of the award that include damages which were caused by wear and tear, deterioration, and rust to the Property.

26. As a consequence of this controversy, Nationwide has been forced to set up and maintain reserves for the claims that VSCL has made against Nationwide, which claims may equal or exceed $75,000.00, exclusive of interest and costs.

27. Unless and until such controversy and the rights and legal obligations of the parties are judicially determined, adjudicated, and declared herein, Nationwide will be obliged to continue such reserves and may and will suffer irreparable loss if it should be determined that there is no coverage under the Policy for the amounts described above and that determination is found to be

erroneous.

### VII.

28. Nationwide incorporates by reference, as it set forth herein in full, the factual allegations set forth in Paragraphs 1 through 22 above.

29. Based on the specific language of the Policy, Nationwide does not provide coverage for damages and causes of loss identified in ACP CPPD 3018301025.

30. Nationwide is not obligated to pay any portion of an enforceable appraisal award which includes damages and corresponding costs which are not covered under the terms of the Policy.

31  Nationwide believes that there may be other defenses relating to the lack of coverage under the terms of the Policy which may be revealed during discovery in this action, and accordingly, incorporates all terms, conditions, exclusions, etc. under the Policy as defenses to any claims of coverage by VSCL.

32. Nationwide seeks a declaratory judgment that it has no obligation under the Policy to provide coverage to VSCL for any portion of an enforceable appraisal award which includes damages not covered under the terms of the Policy.

### VIII.
### PRAYER

33. Nationwide respectfully requests that the Court set aside the February 10, 2021 appraisal award from Tucker Patch and for any other further relief as this Court deems just and proper.

34. Nationwide further requests that the Court declare that Nationwide has no obligation under the Policy to pay any portion of an enforceable appraisal award which includes damages not covered under the terms of the Policy

Respectfully submitted,

**WALTERS, BALIDO & CRAIN L.L.P.**

/s/ Randall G. Walters
Randall G. Walters
State Bar No. 20819480
10440 North Central Expressway, Suite 1500
Dallas, Texas 75231
214.749.4805 (phone)
214.347.8381 (fax)
randy.walters@wbclawfirm.com
**ATTORNEY FOR NATIONWIDE
GENERAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that true and correct copies of the above and foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 23rd day of February 2021.

/s/ Randall G. Walters
Randall G. Walters
